# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2109V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEROME JAO, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 18, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*James V. Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AFTER RECONSIDERATION GRANTING IN PART MOTION FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 29, 2021, Jerome Jao filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he developed chronic inflammatory demyelinating polyneuropathy as a result of an influenza vaccine her received on October 30, 2018. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Apr. 15, 2025 (ECF No.34).

Petitioner subsequently filed a motion for a final award of attorney's fees and costs, relating to the work performed by the office of attorney Leah V. Durant, and was granted $60,370.38 (reflecting $40,475.90 in attorney's fees and $19,894.48 in costs). Decision Granting in Part Final

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Fee and Costs, dated Aug. 12, 2025 (ECF No. 42) ("Final Fees and Costs Decision"). Petitioner subsequently filed a Motion for Reconsideration with respect to my determination to reduce the hourly rate for his expert, Dr. David Simpson. Motion, dated Sept. 2, 2025 (ECF No. 43) ("Mot.") at 2. I granted Petitioner's Motion on September 10, 2025, and withdrew my original fees decision. Order, dated Sept. 10, 2025 (ECF No. 45).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$66,770.38**.

I.      **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Leah V. Durant (Attorney)** | $420.00 | $441.00 | $463.00 | $486.00 | $530.00 |
| **Christopher Williams (Attorney)** | $325.00 | $341.00 | $358.00 | $376.00 | -- |
| **Michael Milmoe (Attorney)** | -- | -- | $553.00 | $584.00 | -- |
| **Mateo Forero (Attorney)** | -- | -- | -- | $385.00 | -- |

2

| Paralegals | $165.00 | $173.00 | $181.00 | $190.00 | $203.00 |

ECF No. 39-1 at 1–12.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that is, by definition, "in forum." Accordingly, counsel should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for all attorneys who performed work on this matter (including newly requested 2025 rates) are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Jackman v. Sec'y of Health & Hum. Servs.*, No. 23-1749V, 2025 WL 2169814 (Fed. Cl. Spec. Mstr. June 24, 2025); *Murray v. Sec'y of Health & Hum. Servs.*, No. 17-1357V, 2024 WL 1433667 (Fed. Cl. Spec. Mstr. Mar. 5, 2024); *E.H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $29,494.48 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of two experts—Timothy Hancock, who provided a medical records review service, and David M. Simpson, M.D. ECF No. 39-2 at 2. Mr. Hancock submitted an invoice reflecting a total of $2,875.00 (billing at an hourly rate of $125.00) charged to the matter. *Id.* at 5. I find no basis for discounting this cost, and it will therefore be awarded in full.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 18, 2025).

Dr. Simpson prepared two written reports and submitted invoices reflecting a total of $25,600.00 (billing at an hourly rate of $800.00 for 32 hours of work). *Id.* at 6, 7. Dr. Simpson's requested hourly rate, however, exceeds what he has been previously awarded. He has more generally been awarded $500.00 per hour for his work in the Vaccine Program. *See Velasquez v. Sec'y of Health & Human Servs.*, No. 19-1703V, 2024 WL 2186367 (Fed. Cl. Spec. Mstr. Apr. 16, 2024); *Neuenschwander v. Sec'y of Health & Human Servs.*, No. 18-1245V, 2023 WL 1948633 (Fed. Cl. Spec. Mstr. Jan. 18, 2024); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 19-729V, 2022 WL 16584904 (Fed. Cl. Spec. Mstr. Sept. 22, 2022).

More recently, however, an hourly rate of $700.00 was allowed for work performed by Dr. Simpson. *Barrett v. Sec'y of Health & Hum. Servs.*, No. 22-258V, 2024 WL 5298298, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2024). I deem that a reasonable increase from his prior hourly rate, and less drastic than an increase to $800.00 at this time). Accordingly, I will reduce Dr. Simpson's rate from $800.00 to $700.00 per hour for the expert services performed in this case. This results in a reduction of **$3,200.00**.[4] (I will be prepared in future cases, as I am with all experts, to consider additional rate increases for Dr. Simpson).

All other requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein, and therefore will be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$66,770.38**, reflecting $40,475.90 in attorney's fees and $26,294.48 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount is calculated as: ($800.00 - $700.00) x 32 hours = $3,200.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.